E-FILED 2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| Rebecca Jackson, | Case No: |
|     Plaintiff, | |
| v. | |
| Regions Bank, | ORIGINAL NOTICE |
|     Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action.  A copy of the Petition is attached to this notice.  The attorneys, Thomas Newkirk and Myles Young, of Newkirk Zwagerman, P.L.C., whose address is 3900 Ingersoll Ave, Suite 201, Des Moines, IA 50312. Newkirk Zwagerman's phone number is (515) 883-2000; facsimile number (515) 883-2000.

You are notified this case has been filed in a county that utilizes electronic filing.  You may refer to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing.  For information regarding the protection of personal information in court filings, refer to rules in Chapter 16, division VI.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394.   (If you are  hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

_____

CLERK OF COURT
Polk County Courthouse
6th and Mulberry Street
Des Moines, IA 50309

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

EXHIBIT A

E-FILED  2024 JUL 25 10:37 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **LACL159495**

*County* **Polk**

*Case Title*    REBECCA JACKSON VS REGIONS BANK

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **07/25/2024 10:37:44 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk      County

**/s/ Jeremy Alvarez**

E-FILED 2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| REBECCA JACKSON,<br><br>    Plaintiff,<br><br>vs.<br><br>REGIONS BANK,<br><br>    Defendant. | PETITION AND JURY DEMAND |

**COMES NOW** the Plaintiff, Rebecca Jackson, by and through her attorneys, Newkirk Zwagerman, P.L.C., and for her Complaint and Jury Demand hereby states the following:

## INTRODUCTION

1.      This is an action brought pursuant to the Iowa Civil Rights Act, Title VII, and the Pregnancy Discrimination Act alleging Defendant discriminated and harassed Plaintiff based on her pregnancy, race, and race by association and then retaliated against Plaintiff for reporting discriminatory treatment.

## JURISDICTION

2.      At all relevant times, Plaintiff was a resident of Des Moines, Iowa, Polk County Iowa.

3.      Defendant, Regions Bank, is an Alabama corporation doing business in Urbandale, Iowa.

4.      Defendant is a national bank whose relevant branch location is in Urbandale, Iowa.

5.      The acts of which Plaintiff complains occurred in Urbandale, Iowa.

1

E-FILED 2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

## **FACTUAL BACKGROUND**

6.      Rebecca Jackson (hereinafter Jackson) was hired by Regions as a financial relationship specialist on March 14th, 2022.

7.      Jackson was originally hired to work at the branch in Indianola, Iowa, but due to a staff shortage she worked periodically at the branch in Urbandale, Iowa.

8.      On July 4th, 2022, Jackson was officially moved to the Urbandale branch on a full-time basis.

9.      While at the Urbandale branch, Jackson's supervisor Elma Smajic harassed her based on Jackson's association with her African American husband, the father of her child.

10.      Smajic made racially charged comments about African Americans, suggesting they were uneducated and unintelligent.

11.      Smajic also suggested that African Americans are more likely to commit crimes.

12.      Smajic also suggested that African Americans with common names, such as "John," were lying about their names.

13.      Smajic was aware that Jackson's husband was African American.

14.      Smajic further expressed hostility to Jackson about her pregnancy, specifically that she was pregnant with a mixed-race baby.

15.      When Jackson inquired about maternity leave benefits, Smajic discouraged her from asking for the benefits, telling her she didn't qualify.

16.      The company has a policy which states that after ninety (90) days of employment, employees are eligible for short term disability.

17.      On August 2nd, 2022, Jackson took time off to have her child. By this time, she had worked at Regions for 140 days, qualifying her for short term disability.

2

18.     When Jackson returned to work, Smajic told Jackson that her job was in jeopardy because she took time off to have her child.

19.     Jackson also requested permission to sit down while working because pregnancy made it challenging for her to stand for long periods of time. Smajic repeatedly told Jackson no, even though other employees (who were not associated by marriage or romantic relationship to an African American) were allowed to.

20.     When Jackson asked to sit, Smajic said if Jackson tried to sit, she would remove the chairs in the tellers' area.

21.     Smajic did not have these same reactions to women pregnant with white children or children not of mixed-race.

22.     For example, other pregnant employees were allowed to sit while on the clock or take breaks when they were feeling unwell.

23.     Smajic's attitudes about race and pregnancy also influenced decisions regarding Jackson's future and growth in the company.

24.     On the encouragement of another supervisor, Jackson began completing the training needed to be promoted to banker.

25.     Smajic constantly discouraged Jackson in this pursuit. She told her she wasn't ready to be a banker and dismissed her desire to be a banker and the hard work she was putting in to effectuate that goal.

26.     Jackson tried to report these issues to management and sought help from the ICRC. As a result, Jackson was retaliated against.

27.     Following her pregnancy and report, Jackson was repeatedly refused a promotion despite being qualified.

28.     Even when Jackson was eventually offered a banker position, Smajic told Jackson that she would not be allowed to perform banker's duties even if she were given the nominal title of banker.

29.     After enduring Smajic's derogatory racial commentary, hostile treatment due to her pregnancy, the refusal to promote her, and the failure of Defendant Regions to properly investigate her concerns, Jackson was forced to resign.

30.     As a result of the ongoing hostility, failure to promote, and constructive discharge, Plaintiff has suffered emotional harm and lost wages and benefits.

### Effects of Racial Bias on Treatment and Rights of Customers

31.     Given Ms. Smajic's position at Defendant, she was able to influence hiring, promotion, and the policies and practices regarding the interaction with and treatment of customers of the bank.

32.     Smajic's racially charged attitudes influence how she interacts with Regions' customers.

33.     For example, Ms. Smajic would demand additional forms of identification from African American customers she would not ask white customers for.

34.     The impact on customers is further evidence of the discriminatory attitudes directed at Plaintiff and vice versa.

35.     Ms. Smajic's and Regions' discriminatory attitudes toward Blacks in general and toward whites who associate with Blacks is consistent with evidence of discrimination in the

E-FILED 2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

banking industry, which leads to "wide-ranging consequences" and implications for Black Americans and their interactions with the banking system.[1]

36.     Indeed, discrimination in the United States' banking industry is an infamously effective tool to effectuate segregation and other discriminatory practices.[2]

37.     Like other banks engaged in discriminatory practices, Defendants "sometimes profiled [customers], viewed [Blacks] with suspicion just for entering [the] bank, and questioned [Black customers] over the most basic transactions."[3]

38.     In Ms. Smajic's case, she went so far as to question Black customers' names.

39.     Banks like Defendant provide "critical infrastructure for the national economy, helping people and businesses process transactions, raise money for new ventures, and facilitate services like insurance and employee benefit programs."[4]

---

[1] Senator Sherrod Brown, *We Must End Discrimination in Banking*, U.S. SENATE COMMITTEE ON BANKING, HOUSING, AND URBAN AFFAIRS (Dec. 1, 2022) (available at https://www.banking.senate.gov/newsroom/majority/brown-end-discrimination-banking#:~:text=In%202021%2C%20the%20CFPB%20required,minority%20consumers%20who%20experienced%20discrimination); Chauncey Alcorn, *'Racial Bias Runs Deep' at America's Largest Banks, Study Says*, CNN (Mar. 18, 2021) (available at https://www.cnn.com/2021/03/18/investing/bank-diversity-racial-bias-study/index.html); Nicholas Weiner and Hudson Muñoz, *Advancing Racial Justice for Frontline Bank Workers*, COMMITTEE FOR BETTER BANKS (Mar. 2021, updated Apr. 2023) (available at https://bankaccountability.org/sites/default/files/2022-09/cbb_di_analysis_april_23_update.pdf).

[2] *See generally* Richard Rothstein, *The Color of Law*, LIVERIGHT PUBLISHING CO. (2018) (discussing the history and impact of redlining on Black Americans); *see also, e.g.,* Stacey Vanek Smith and Darius Rafieyan, *How Racial Inequality Manifests in the U.S. Banking System*, NATIONAL PUBLIC RADIO (July 16, 2020) (available at https://www.npr.org/2020/07/16/891735316/how-racial-inequality-manifests-in-the-u-s-banking-system) ("At a typical Black-owned bank, 67% of mortgages are given to Black households. That's compared to less than 1% among banks that aren't Black-owned."); Rocio Sanchez-Monayo and Bina Patel Shrimali, *The Racialized Roots of Financial Exclusion*, 15 COMMUNITY DEVELOP. REVIEW 10, 14 (Aug. 19, 2021) (available at https://www.frbsf.org/research-and-insights/publications/community-development-investment-review/2021/08/the-racialized-roots-of-financial-exclusion/) ("Secret shopper studies have shown that Black and Hispanic customers receive different information from bankers when applying for loans as well.").

[3] Emily Flitter, *This is What Racism Looks Like in the Banking Industry*, THE NEW YORK TIMES (Dec. 11, 2019) (available at https://www.nytimes.com/2019/12/11/business/jpmorgan-banking-racism.html).

[4] Chauncey Alcorn, *'Racial Bias Runs Deep' at America's Largest Banks, Study Says*, CNN (Mar. 18, 2021) (available at https://www.cnn.com/2021/03/18/investing/bank-diversity-racial-bias-study/index.html) ("Black employees fared the worst when it comes to career advancement at the banks examined . . .").

E-FILED 2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

40.      When banks like Defendant Regions and their management staff treat Black people and those with whom they associate with racial animus, the result is profoundly negative, both for any individual discriminated against and the rest of the Black community via osmosis and compounded individualized effects.[5]

41.      Plaintiff seeks not only a remedy for her individual harm, but also equitable remedies that remove all sources of racial hostility and their effects on Blacks and those who associate with them at Regions Bank.

**COUNT I**
**VIOLATION OF THE IOWA CIVIL RIGHTS ACT, IOWA CODE CHAPTER 216**
**Discrimination Based on Pregnancy and Race by Association.**

42.      Plaintiff re-alleges all paragraphs in this petition as if fully set forth herein.

43.      Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her pregnancy and race by association in violation of Iowa Code chapter 216.

44.      During the relevant period, Plaintiff, a white female, was married to an African American man, and therefore protected by law from discriminatory practices.

45.      At the time she was employed by Defendants, Plaintiff was pregnant with a mixed-race child.

46.      During her pregnancy, Plaintiff asked for accommodations that were normally provided to employees but was denied by Ms. Smajic.

47.      In August of 2022, Plaintiff took time off to give birth to her child.

48.      Ms. Smajic discouraged Plaintiff from seeking any benefits that would have provided Plaintiff with financial assistance while she took time off from work to give birth.

---

[5] *See, e.g.,* Kassandra Martinchek and Rose Mary Brown, *How Structural Racism Shapes Black Americans' Sense of Self*, URBAN INSTITUTE (Mar. 23, 2023) (available at https://www.urban.org/research/publication/how-structural-racism-shapes-black-americans-sense-self);

E-FILED 2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

49.     Defendants normally granted these benefits to employees not carrying a mixed-race child.

50.     When Plaintiff asked Ms. Smajic why she was not getting the same benefits and accommodations as other pregnant employees, Ms. Smajic stated that "every situation is different."

51.     When Plaintiff returned to work, Ms. Smajic told Plaintiff that her job may be in jeopardy due to Plaintiff taking time off to give birth.

52.     Ms. Smajic repeatedly denied Plaintiff promotions she was qualified to receive.

53.     After Plaintiff tried to bring these issues to the attention of management, she was ignored, continually harassed, and denied promotions she was qualified to receive until she ultimately resigned.

54.     Plaintiff's gender, race, race by association, pregnancy, and association disability were motivating factors in Defendants' hostile treatment of Plaintiff, which left Plaintiff no other option but to resign.

55.     As a proximate result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to: (i) mental and emotional distress; and (ii) lost wages, benefits, future earnings, and other emoluments of employment.

56.     In addition, Plaintiff is entitled to equitable relief, including, but not limited to: (i) prohibiting Defendants from engaging in further discrimination; (ii) requiring specific managerial training to prevent discrimination; and (iii) such other and further relief as is necessary to effectuate the purposes of the Iowa Civil Rights Act.

E-FILED  2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

**COUNT II**
**VIOLATION OF THE IOWA CIVIL RIGHTS ACT,**
**IOWA CODE CHAPTER 216**
**Retaliation**

57.     Plaintiff realleges all paragraphs in this petition as if fully set forth herein.

58.     Plaintiff engaged in protected activity under the Iowa Civil Rights Act and was protected from retaliation for the same.

59.     At the time she was employed by Defendants, Plaintiff was married to an African American man and pregnant with a mixed-race child.

60.     During her pregnancy, Supervisor Ms. Smajic harassed Plaintiff by making racially charged comments to Plaintiff about African Americans, including customers of the bank, and denying Plaintiff accommodations and benefits normally given to pregnant employees.

61.     After complaining about the harassment, Plaintiff was ignored and once again denied a promotion she was qualified to receive, giving Plaintiff no other choice but to resign.

62.     As a proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to: (i) mental and emotional distress; and (ii) lost wages, benefits, future earnings, and other emoluments of employment.

63.     In addition, Plaintiff is entitled to equitable relief including but not limited to: (i) prohibiting Defendants from engaging in further discrimination; (ii) requiring specific managerial training to prevent discrimination; and (iii) such other and further relief as is necessary to effectuate the purposes of the Iowa Civil Rights Act.

**COUNT III**
**VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT,**
**42 U.S.C. § 2000e et seq.,**
**Discrimination by Association and Pregnancy Discrimination**

64.     Plaintiff realleges all paragraphs in this petition as if fully set forth herein.

8

65.     Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her pregnancy and race by association in violation of Title VII and the Pregnancy Discrimination Act.

66.     During the relevant period, Plaintiff, a white female, was married to an African American man, and therefore protected by law from discriminatory practices.

67.     At the time she was employed by Defendants, Plaintiff was pregnant with a mixed-race child.

68.     During her pregnancy, Plaintiff asked for accommodations that were normally provided to employees but was denied by Ms. Smajic.

69.     In August of 2022, Plaintiff took time off to give birth to her child.

70.     Ms. Smajic discouraged Plaintiff from seeking any benefits that would have provided Plaintiff with financial assistance while she took time off from work to give birth.

71.     Defendants normally granted these benefits to employees not carrying a mixed-race child.

72.     When Plaintiff asked Ms. Smajic why she was not getting the same benefits and accommodations as other pregnant employees, Ms. Smajic stated that "every situation is different."

73.     When Plaintiff returned to work, Ms. Smajic told Plaintiff that her job may be in jeopardy due to Plaintiff taking time off to give birth.

74.     Ms. Smajic repeatedly denied Plaintiff promotions she was qualified to receive.

75.     After Plaintiff tried to bring these issues to the attention of management, she was ignored, continually harassed, and denied promotions she was qualified to receive until she ultimately resigned.

E-FILED  2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

76.    Plaintiff's gender, race, race by association, pregnancy, and association disability were motivating factors in Defendants' hostile treatment of Plaintiff, which left Plaintiff no other option but to resign.

77.    As a proximate result of Defendants' acts and omissions Plaintiff has in the past and will in the future suffer damages including, but not limited to: (i) mental and emotional distress; and (ii) lost wages, benefits, future earnings, and other emoluments of employment.

78.    In addition, Plaintiff is entitled to equitable relief, including, but not limited to: (i) prohibiting Defendants from engaging in further discrimination; (ii) requiring specific managerial training to prevent discrimination; and (iii) such other and further relief as is necessary to effectuate the purposes of Title VII and the Pregnancy Discrimination Act.

**COUNT IV**
**VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT,**
**42 U.S.C. § 2000e et seq.,**
**Retaliation**

1.    Plaintiff realleges all paragraphs in this petition as if fully set forth herein.

2.    Plaintiff engaged in protected activity under Title VII and was protected from retaliation for the same.

3.    At the time she was employed by Defendants, Plaintiff was married to an African American man and pregnant with a mixed-race child.

4.    During her pregnancy, Supervisor Ms. Smajic harassed Plaintiff by making racially charged comments to Plaintiff about African Americans, including customers of the bank, and denying Plaintiff accommodations and benefits normally given to pregnant employees.

5.    After complaining about the harassment, Plaintiff was ignored and once again denied a promotion she was qualified to receive, giving Plaintiff no other choice but to resign.

E-FILED  2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

6.      As a proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to: (i) mental and emotional distress; and (ii) lost wages, benefits, future earnings, and other emoluments of employment.

7.      In addition, Plaintiff is entitled to equitable relief including but not limited to: (i) prohibiting Defendants from engaging in further discrimination; (ii) requiring specific managerial training to prevent discrimination; and (iii) such other and further relief as is necessary to effectuate the purposes of Title VII and the Pregnancy Discrimination Act.

**WHEREFORE** Plaintiff prays that the Court find: (i) that the Defendants unlawfully discriminated against her on the basis of her race, gender, race by association, pregnancy, and associational disability; and (ii) that Defendants failed to accommodate Plaintiff and also retaliated against her for raising concerns about discrimination. Plaintiff further prays that the Court order Defendants to pay: (i) appropriate damages for lost and future wages; (ii) compensatory damages in an amount to be proved at trial; and (iii) all costs and attorneys' fees incurred by Plaintiff in pursuing this action. For equitable relief, Plaintiff asks that the Court order and adjudge such other and further relief as it deems just and proper.

## JURY DEMAND

**COMES NOW** the Plaintiff, Rebecca Jackson, and hereby requests a trial by jury in the above-captioned matter.

Respectfully Submitted,

NEWKIRK ZWAGERMAN, P.L.C.

*/s/ Thomas Newkirk*
Thomas Newkirk AT0005791
tnewkirk@newkirklaw.com
Myles D. Young AT0015901
myoung@newkirklaw.com
3900 Ingersoll, Ave, Suite 201

11

E-FILED  2024 JUL 24 4:13 PM POLK - CLERK OF DISTRICT COURT

Des Moines, Iowa 50312
Telephone: (515) 883-2000
Fax: (515) 883-2000

**ATTORNEYS FOR PLAINTIFF**

**Rule 17.400—Form 405:** *Acceptance of Service*

*Petitioner* must complete this section:

In the Iowa District Court for _____ Polk _____ County
*County where Petition is filed*

**Upon the Petition of**

Rebecca Jackson

**Petitioner**  *Full name: first, middle, last*

and concerning

Regions Bank

**Respondent**  *Full name: first, middle, last*

Equity case no. LACL159495

**Acceptance of Service**

*Petitioner* must file this form with the clerk of court soon after Respondent signs it.

*Respondent* must complete this section:

**Respondent's Acceptance of Service, Oath, and Signature**

*If Respondent completes this Acceptance of Service, Respondent must return this form to Petitioner soon after signing it.   Petitioner will file it with the clerk of court.*

I, Christine Bestor Townsend _____, am Respondent in this case.  I received a copy
   *Print your name*

of the Original Notice and the Petition for this case.  I have read this Acceptance of Service.
I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the
information I have provided in this Acceptance of Service is true and correct.

*Signed:* August _____ 14 _____, 20 24   *Christine Bestor Townsend*
          *Month*      *Day*    *Year*        *Respondent's signature*

1243 North Street, Suite 200          Milwaukee          WI     53205
*Respondent's mailing address*         *City*           *State*  *ZIP code*

( 414 ) 239-6413     christine.townsend@ogletree.com
*Phone number*       *Email address*

**Important Notice to Respondent**
By signing this form, you are not agreeing to what Petitioner wants.
You are only agreeing that you received a copy of the Original Notice and Petition.